UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD CHARLES SCHRADER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-2329 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## OPINION ON DISMISSAL

Petitioner Richard Charles Schrader has filed a federal habeas corpus petition under 28 U.S.C. §2254 challenging his continued detention at the Joe Kegan State Jail. (Docket No. 1.) Because Petitioner has not exhausted his state remedies before seeking federal habeas relief, the Court will dismiss the petition.

## CLAIMS

Petitioner's pleadings and public records reflect that on March 7, 2014, Petitioner was charged in the 248th Judicial District Court of Harris County, Texas, with the state jail felony offense of "Theft Under $1500-3rd Offense" in cause number 1420309.[1] (Docket No. 1.) On March 10, 2014, Petitioner pleaded guilty and was sentenced to a jail term of six months.[2] Petitioner does not indicate that he has sought relief from this conviction or sentence in the state courts. (Id.) In his present petition, Petitioner alleges "sentencing entrapment" and "duress" in regard to his conviction and sentence. (Id. at 6-7.)

---

[1] Harris County District Clerk website: http://www.hcdistrictclerk.com/eDocs/Public/Search.aspx?Tab=tabCriminal (viewed Aug. 18, 2014).

[2] Id.

## DISCUSSION

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. *Coleman v. Thompson*, 501 U.S. 722 (1991). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). The petitioner must give the highest state court a fair opportunity to rule on the claim, which requires the petitioner to present his claims in accordance with the court's procedural rules. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). Exceptions exist only where there are no available state corrective processes or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254 (b)(1)(B).

Petitioner's pleadings and public records show that Petitioner has not presented the claims raised in the present petition to the state courts in a procedurally proper manner. Because state process remains available, Petitioner's claims are unexhausted. Moreover, Petitioner does not satisfy any statutory exception to the exhaustion doctrine and there is no basis to stay and abate this case while Petitioner pursues available state remedies. Accordingly, this case is subject to dismissal for failure to exhaust state remedies.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted); *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

Petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling here debatable. Therefore, a certificate of appealability from this decision will be denied.

CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1. Petitioner's Motion to Proceed *In Forma Pauperis* (Docket No. 2) is GRANTED.

2. This habeas corpus action is DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies.

3. A certificate of appealability is DENIED.

4. All other pending motions, if any, are DENIED.

The Clerk will provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 19th day of August, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE